IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| PAUL D. WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 5:08cv68 |
| HARRELL WATTS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Paul Williams, proceeding *pro se*, filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Williams sued Bureau of Prisons Administrative Remedy Coordinator Harrell Watts, appeals administrator Martin Sweaney, Warden Keith Roy, Associate Warden of Industries Bridget Nickerson, Filter Factory Manager Johnny Page, Brad Jurgenson, Associate Warden of Industries, UNICOR factory manager Brad Sowter, and retired prison official Bruce W. Watt. Of these Defendants, Harrell Watts is a resident of Washington, D.C.; Sweaney is in Dallas, Texas; Roy, Nickerson, and Page are in Texarkana, Texas; and Jurgenson, Sowter, and Bruce Watt are in Leavenworth, Kansas.

Williams complained of incidents occurring at the federal prisons in Leavenworth and Texarkana, involving his removal from employment with UNICOR Federal Prison Industries, as well as claims of improper denials of his grievances, retaliation, and the loss of cash, property, and business records worth approximately $147,200.00.

Williams attempted service of process, and all of the Defendants except for Watt have filed a motion to dismiss. This motion argues that Williams served process himself, which is improper; that Watts, Jurgenson, and Sowter are all outside of the State of Texas and lack minimum contacts,

1

and so the Court lacks personal jurisdiction over them; and that Williams has failed to state a claim upon which relief may be granted. Williams has filed a response to the motion to dismiss.

After review of the pleadings, the Magistrate Judge issued a Report on February 3, 2009, recommending that the motion to dismiss be granted in part. The Magistrate Judge determined that none of the Defendants had been properly served, because Williams effected service of process himself in violation of Rule 4, Fed. R. Civ. P. The Magistrate Judge also concluded that the Court lacked personal jurisdiction over Watts, Jurgenson, Sowter, and Watt, and that the claims against Watts, Sweaney, and Watt lacked any arguable basis in law and failed to state a claim upon which relief could be granted. The Magistrate Judge therefore recommended that the claims against Watts, Sweaney, and Watt be dismissed with prejudice as frivolous, and that the claims against Watts, Sowter, Jurgenson, and Watt be dismissed with prejudice for lack of personal jurisdiction. The Magistrate Judge further recommended that the motion to dismiss be denied as to the Defendants Roy, Nickerson, and Page, but that the defective service upon these individuals be quashed and that the Plaintiff be given 120 days in which to properly effect service of process.

Nickerson, Roy, and Page filed objections to the Report of the Magistrate Judge, as did Williams. In their objections, Nickerson, Roy, and Page ask that the Court not deny the motion to dismiss as to them, but reserve it for a later ruling. They also object to the Plaintiff being given 120 days in which to effect service of process, arguing that the time in which to serve process expired some six months ago; they ask that the period be made shorter, suggesting 45 days as a reasonable threshold. These objections lack merit. The denial of the motion to dismiss as to these Defendants is effectively without prejudice and thus does not prevent them from re-urging it at a later time, and the 120-day time period for service of process operates to protect the rights of the Plaintiff as well as the Defendants.

In his objections, Williams says that the instructions which he received from the Clerk's Office told him that he was to serve the summons on the defendants by certified mail and then fill out the back and return it to the court. While Williams is responsible for the effecting of service

upon the Defendants, the Federal Rules of Civil Procedure make clear that the summons cannot be served by a person who is a party to the lawsuit. The Magistrate Judge did not err in concluding that the service was deficient and in recommending that it be quashed.

Next, Williams argues that his allegations of retaliation are not "conclusory" and that a phone call from Leavenworth to Texarkana is sufficient to confer personal jurisdiction over the defendants in Leavenworth. He cites Lewis v. Fresne, 252 F.3d 352, 359 (5th Cir. 2001), in which the Fifth Circuit cited Brown v. Flowers Industries, 688 F.2d 328, 332) to hold that a single telephone call can be sufficient to confer jurisdiction. As the Magistrate Judge explained, however, in both Lewis and Brown, the telephone call itself was the tort complained of, while in this case, the allegedly wrongful act (retaliation) was carried out after the call had been completed. *See* Aviles v. Kunkle, 978 F.2d 201, 205 (5th Cir. 1992) (phone call and letter not enough to confer personal jurisdiction). Williams has not shown that the Magistrate Judge erred with respect to the issue of personal jurisdiction and his objections on this ground are without merit.

Williams says that he is not saying that his grievances should have been resolved to his satisfaction, but rather that Watts, Sweaney, Roy, and Nickerson should have known that the retaliatory acts were in violation of law, policy, and Williams' rights, and should have acted to correct these violations. In making this argument, however, Williams is essentially saying that when he filed his grievances complaining about the alleged retaliation, Watts, Sweaney, Roy, and Nickerson should have acted upon these grievances, but did not do so to his satisfaction. His objections on this ground are without merit.

Finally, with regard to former prison employee Bruce Watt, Williams says that Watt "violated my civil rights when he used the acts of Jurgenson and Sowter to act against me assuming that due to my station-in-life he could and has, to date, get [sic] away with it." He does not dispute that the actions by Watt occurred in Leavenworth, but says that Watt's retirement from the Bureau was for medical reasons and so he is subject to recall if his condition clears, and that Watt is permitted access to the prison and does photography jobs for the Bureau. Williams fails to show how this confers

3

personal jurisdiction upon this Court for events occurring in Kansas, nor does he offer anything to show that Watt's actions were taken under color of federal law. Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the parties' objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff and of the Defendants are without merit. It is accordingly

ORDERED that the objections of the parties are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 15) is hereby GRANTED IN PART. It is further

ORDERED that the Plaintiff's claims against the Defendants Harrell Watts, Martin Sweaney, and Bruce Watt are hereby DISMISSED with prejudice as frivolous. These individuals shall be terminated as parties to this lawsuit. It is further

ORDERED that the Plaintiff's claims against the Defendants Harrell Watts, Brad Sowter, Brad Jurgenson, and Bruce Watt are hereby DISMISSED with prejudice for lack of personal jurisdiction. These individuals shall be terminated as parties to this lawsuit. It is further

ORDERED that the Defendants' motion to dismiss as regarding the Defendants Keith Roy, Bridget Nickerson, and Johnny Page is DENIED without prejudice, and that the deficient service of process upon these parties effected by the Plaintiff is hereby quashed. The Plaintiff shall have 120 days from the date of entry of this order in which to properly effect service of process upon these Defendants in accordance with Rule 4, Fed. R. Civ. P. The Clerk shall send to Williams the appropriate summons forms as well as a copy of the Local Rules of the Eastern District of Texas. Finally, it is

ORDERED that the Plaintiff's motion for service of process by the U.S. Marshal upon Bruce Watt (docket no. 12) and motion for a jury trial (docket no. 23) are hereby DENIED; however, the Clerk shall cause the docket to reflect that the Plaintiff has entered a jury demand in this case.

**SIGNED this 27th day of February, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE