IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| PAUL D. WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 5:08cv68 |
| HARRELL WATTS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Paul D. Williams, proceeding *pro se*, filed this lawsuit under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), complaining of alleged violations of his legal rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

As Defendants, Williams named Bureau of Prisons Administrative Remedy Coordinator Harrell Watts, appeals administrator Martin Sweaney, Warden Keith Roy, Associate Warden of Industries Bridget Nickerson, Filter Factory Manager Johnny Page, Associate Warden of Industries Brad Jurgenson, UNICOR factory manager Brad Sowter, and a retired prison official named Bruce Watt. Of these Defendants, Harrell Watts is a resident of Washington, D.C.; Sweaney is in Dallas, Texas; Roy, Nickerson, and Page are in Texarkana, Texas; and Jurgenson, Sowter, and Bruce Watt are in Leavenworth, Kansas.

On February 29, 2009, the Court entered an order dismissing the claims against Harrell Watts, Martin Sweaney, and Bruce Watt as frivolous, and also dismissing the claims against Harrell Watts, Brad Sowter, Brad Jurgenson, and Bruce Watt for lack of personal jurisdiction. The motion to dismiss filed by the Defendants Roy, Nickerson, and Page was denied, although the service of process upon them was quashed as improperly effected.

1

Service of process was re-executed upon these three Defendants. On August 20, 2009, the Magistrate Judge issued a Report recommending that the motion to dismiss filed by Roy, Nickerson, and Page be granted and that the lawsuit be dismissed with prejudice against them. Williams filed timely objections to the Report

In his objections, Williams says first that he does not understand the law, but that he understands that when a person presents something to the Court, equal justice is expected. He quotes Justice Anthony Kennedy as saying that the law should not be so caught up in procedural niceties that it fails to sort out simple instances of right from wrong.

Much of Williams' complaint centers around his firing from a prison job at UNICOR Prison Industries. He acknowledges that he has no right to a prison job, but argues that his case centers around retaliation, not the firing *per se*; he states that he cannot be fired from the UNICOR job in retaliation for filing grievances or otherwise exercising his First Amendment rights.

Although Williams argues that the question of his right to a UNICOR job is irrelevant to his retaliation claim, this is not the case. In Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996), the plaintiff Thomas Tighe, a Louisiana prisoner, was assigned to the position of "inmate counsel substitute." He was removed from this position because of what prison officials called "unsatisfactory job performance," but he asserted that it was the result of retaliation.

The Fifth Circuit held that in order to prevail, Tighe had to allege the violation of a constitutional right and demonstrate a retaliatory motive. In considering whether Tighe had alleged a violation of a constitutional right, the Fifth Circuit observed that "a prisoner has no constitutionally protected interest in a particular facility or a particular work assignment." The Court concluded that because Tighe, who was fired from his job, had no constitutionally protected liberty interest in that job, he failed to demonstrate the violation of a constitutional right, and so his retaliation claim was without merit.

In the same way, as the Magistrate Judge explained, Williams had no constitutionally protected liberty interest in his job, and so his firing from this job did not demonstrate the violation

of a constitutionally protected right, as is necessary to maintain a retaliation claim. Under the analytical framework which the Supreme Court set out in Sandin v. Conner, 115 S.Ct. 2293 (1995), termination from a UNICOR job is not an atypical or significant hardship in relation to the ordinary incidents of prison life, and so no constitutionally protected liberty interest was infringed.[1]

Similarly, in Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999), the plaintiff complained that he was retaliated against for filing grievances, and the retaliation took the form of a new job assignment which resulted in a limitation of his right of access to law library time in which to conduct legal research, The Fifth Circuit held that there was no constitutional violation inherent in a limitation of law library time to five hours per week, and because this was not a constitutional violation, the retaliation claim was without merit. Williams has not shown that a constitutional violation took place with regard to his removal from UNICOR, and so his objections on this ground are without merit.[2]

Williams goes on to object that after the present lawsuit was filed, the retaliation "really got serious." He says that Page went to his new job to try to get him fired, had his living area shaken down at 3:30 a.m., and used his area as a "shakedown training area." He also says that he was transferred and that during the transfer, about 4,000 pages of legal documents were lost.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215,

---

[1] Williams points to the dissenting opinions in Sandin in support of his contentions. These opinions, of course, do not represent the law and are not binding upon this Court.

[2] In Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989), the Fifth Circuit appeared to state that prison officials could transfer the plaintiff to any job for almost any reason or no reason at all, but that such a decision could not be retaliatory against his exercise of constitutional rights. In her Report, the Magistrate Judge noted that Jackson relied on the analytical framework of Olim v. Wakinekona, 461 U.S. 238 (1983) and Hewitt v. Helmsm 459 U.S. 460 (1984), which framework was disapproved by the Supreme Court in Sandin. The post-Sandin cases, such as Tighe, have held that retaliation claims must demonstrate the violation of a constitutionally protected interest. The Magistrate Judge thus concluded that Jackson, as a pre-Sandin case, was distinguishable. Williams did not address or discuss the Magistrate Judge's conclusion in this regard in his objections to the Report.

3

218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Furthermore, Williams acknowledges that these incidents took place after he filed the lawsuit, and he has not alleged that he has exhausted his administrative remedies with regard to each of these incidents.

Even assuming that these incidents of alleged retaliation are properly before the Court, however, Williams has failed to show that the Magistrate Judge erred in rejecting his retaliation claim. As the Magistrate Judge explained, the Fifth Circuit has held that to state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Jones, 188 F.3d at 325-26. In this case, Williams has not shown that any of the asserted incidents resulted in the deprivation of a constitutionally protected liberty interest. Perhaps more significantly, he has wholly failed to show that but for the alleged retaliatory motive, the incidents of which he complains would not have occurred.

The mere fact that Williams filed a lawsuit and then actions which he considered adverse were taken does not show that the allegedly adverse actions were done in retaliation for, or even had anything at all to do with, the fact that he had filed the lawsuit. Simply because one incident precedes another is not proof of a causal connection; this is the logical fallacy of *post hoc ergo propter hoc* (after this, therefore on account of this). *See* Tampa Times Co. v. National Labor Relations Board, 193 F.2d 582 (5th Cir. 1952) (*post hoc ergo propter hoc* is not sound logic). Consequently, these allegations do not meet the causation element of a retaliation claim, nor do they show a chronology of events from which retaliation may *plausibly* be inferred. Williams' objections on this point are without merit.

Finally, Williams argues that the actions of the defendants will "bar me from further UNICOR employment for the next 12 years at a base salary loss of 42 thousand dollars +/-, it will affect every consideration I receive for community placement, parole, extra good time, and has, again by the recommendation given to the staff here barred me from meaningful employment." This

4

appears to be a claim that the removal from UNICOR amounts to an atypical and significant hardship in relation to the ordinary incidents of prison life, which would give rise to a protected liberty interest under Sandin. However, Williams did not show that his removal from UNICOR would automatically affect the duration of his sentence. In Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995), the plaintiff complained about his loss of employment at UNICOR, which included losing the opportunity to automatically accrue extra good time credits. The Fifth Circuit held that prisoners do not have any expectation in keeping a job at UNICOR, notwithstanding the loss of the opportunity to accumulate extra good time credits.

The "ordinary incidents of prison life" do not include $42,000 worth of salary to be earned over a 12-year period, and so even if it is true that the Defendants have barred Williams from re-employment at UNICOR, he has not shown that this is an atypical and significant hardship "in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2301. In addition, it is entirely speculative whether Williams would have been employed by UNICOR over this entire time period had the incidents forming the basis of the lawsuit not occurred. The Fifth Circuit has explained that the loss of the opportunity to earn good time in the future is too attenuated and speculative to give rise to a constitutionally protected liberty interest. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Similarly, Williams' claims that he has lost possible future consideration for extra good time, community placement, or parole is too attenuated and speculative to give rise to a protected liberty interest. As a result, Williams has not shown a constitutional violation in his removal from UNICOR or in his claims of retaliation, and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's complaints and amended complaints, the answers and dispositive motions filed by the Defendants, the Plaintiff's responses thereto, the Reports of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Second Report of the Magistrate Judge is correct and that the Plaintiff's objections thereto are without merit. It is accordingly

5

ORDERED that the Plaintiff's objections are overruled and the Second Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' second motion to dismiss (docket no. 37) is GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice as to the Defendants Keith Roy, Bridget Nickerson, and Johnny Page. Because all claims and parties have now been dismissed, the lawsuit shall be and hereby is DISMISSED in its entirety. Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**SIGNED this 8th day of February, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE